IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


JEREMIAH MITCHELL,                        :

               Plaintiff,           :    Case No. 3:09-CV-276

    vs.                                    :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

            Defendant.          :


DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE
JUDGE (DOC. #10); PLAINTIFF'S OBJECTIONS IN PART TO SAID
JUDICIAL FILING (DOC. #11) SUSTAINED; JUDGMENT TO BE ENTERED
IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER,
REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT
DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE
SOCIAL SECURITY ACT AND REMANDING THE CAPTIONED MATTER TO
THE DEFENDANT COMMISSIONER FOR THE PAYMENT OF BENEFITS
CONSISTENT WITH THE SOCIAL SECURITY ACT; TERMINATION ENTRY


Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On July 7, 2010, the United States Magistrate Judge

filed a Report and Recommendations (Doc. #10), recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act be vacated, that no finding be made as to

whether Plaintiff was under a disability, within the meaning of the Social Security

Act, and that the captioned cause be remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings set forth within said Report and Recommendations.   Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #10 at 1-26), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #4), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in part, to the extent the Magistrate Judge concluded that the Commissioner's decision of non-disability was not based upon substantial evidence, and rejects same in part, to the extent that the Magistrate Judge ordered a remand for further administrative proceedings, rather than one for the payment of benefits.   The Plaintiff's Objections in part to said judicial filing (Doc. #11), objections directed to the Magistrate Judge's recommending remand for further administrative proceedings, rather than one for the payment of benefits, are sustained.   Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de

novo review of those recommendations of the report to which objection is made.

This de novo review, in turn, requires this Court to re-examine all the relevant

evidence, previously reviewed by the Magistrate, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence."

Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.

1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654

(6th Cir. 1982). This Court's sole function is to determine whether the record as a

whole contains substantial evidence to support the Commissioner's decision. The

Commissioner's findings must be affirmed if they are supported by "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison

Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and

Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means

such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th

Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as

would be required to prevent a directed verdict (now judgment as a matter of law)

against the Commissioner if this case were being tried to a jury. Foster v. Bowen,

853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping

Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do

more than create a suspicion of the existence of the fact to be established... [I]t

must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.    This Court agrees with the Magistrate Judge that the Defendant Commissioner's decision of non-disability is not supported by substantial evidence. The Court further concludes that the evidence of disability is overwhelming or, at the very least, strong, while contrary evidence is weak.   Accordingly, a remand for the payment of benefits, rather than one for further administrative proceedings, is proper.   <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).


WHEREFORE, based upon the aforesaid, this Court adopts in part and rejects in part the Report and Recommendations of the United States Magistrate Judge (Doc. #10), having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.   Plaintiff's objections in part to said judicial filing (Doc. #11) are sustained.   Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner for the payment of benefits consistent with the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 28, 2010

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record